UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

IRA A. MORRIS,

       Plaintiff,

v.                              Civil Action No. 2:15-cv-16023

VOLKSWAGEN GROUP OF AMERICA, INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff's Combined Motion to Reopen Case 2:15-cv-16023 for the Purpose of Hearing a Motion for Sanctions, filed January 5, 2016, and Plaintiff's Combined Motion for Rule 11 Sanctions Against Defendant and Its Counsel, filed January 8, 2016.

## Background

In this case, plaintiff Morris presses claims against Volkswagen for reducing the value of his Volkswagen diesel automobile by its "fraud" and "other wrongdoing" in "cheating on the emission levels of its cars."  Pl. Compl. at 3.  Originally filed in the Circuit Court of Boone County, the case was removed to this forum on December 10, 2015.  On December 15, plaintiff filed a motion to remand.

On December 16, 2015, the Panel on Multidistrict
Litigation filed, on its own docket, a conditional transfer order.
The order stated that this case would be transferred to the United
States District Court for the Northern District of California
pursuant to the Panel's authority under 28 U.S.C. § 1407 unless
one of the parties objected by December 23, 2015.  See December
16, 2015 Conditional Transfer Order, Morris v. Volkswagen Group of
American, Inc., case no. WVS/2:15-cv-16023.  The Panel's personnel
have confirmed to the court's clerk that the conditional transfer
order, as well as a notification that any objection must be filed
by December 23, were sent by email to plaintiff's counsel.  It is
also noted that the court received in chambers an email reporting
the conditional transfer order on December 16, 2015, a copy of
which email is ORDERED filed herein.

On December 29, 2015, the Panel transferred the case to
the Northern District of California.  The panel's order noted that
plaintiff had not objected to the transfer within the seven-day
period when he was permitted to do so.  See Rules of Procedure of
the U.S. Judicial Panel on MDL, Rule 7.1(c).  On December 30,
2015, the transferee court in California reported that it had
docketed the case within its district as number 3:15-cv-06252.

Plaintiff thereafter filed the two pending motions – to
reopen the case and for sanctions – on January 5 and 8 of 2016,

2

respectively.  In the motion to reopen, plaintiff states his

reason for requesting sanctions, which is that Volkswagen

"deliberately removed a case from the Circuit Court of Boone

County in which there was a <u>clear</u>, <u>binding</u> stipulation that the

Plaintiff was not seeking more than $75,000,"[1] and in so doing

committed "a clear and deliberate violation of Rule 11."  Pl.

Combined Mot. to Reopen Case at 2 (emphasis in original).  After

removal, Volkswagen "caused the case to be transferred to the

Northern District of California, where it became immersed in a

monster case — the exact problem that Plaintiff had properly done

everything necessary to avoid."  <u>Id.</u>  Plaintiff believes these

actions were "a well-calculated, deliberate attempt by a

surpassingly well-financed and calculating defendant and its

lawyers to circumvent the law of removal and federal jurisdiction

for [an] improper purpose 'such as to harass, cause unnecessary

delay, or needlessly increase the cost of litigation.'"  <u>Id.</u>

        The motion for sanctions expands on this explanation,

describing plaintiff's attempt to stipulate that no more than

$75,000 would be sought, and contending that defendant's attempt

---

[1] Plaintiff's verified complaint stated that "Damages will not exceed $75,000 exclusive of interest and costs" and that "Plaintiff stipulates that he will not accept more than $75,000 in damages, exclusive of interest and costs."  Pl. Compl. at 1, 6. <u>See</u> 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . .").

to include this case in an MDL is part of a large, intentional
pattern of abuse.  Pl. Combined Mot. for Rule 11 Sanctions at 5-7
(citing Allan Kanner, The Problem of Multidistrict Litigation
Injunctions, 4 Class Action Litigation Report 303 (2003).

Plaintiff's motion to reopen the case requests that
"this Honorable Court . . . alter or amend the judgment that
closed this case and reopen the above-styled case for the purpose
of hearing a motion for sanctions."[2]  Pl. Combined Mot. to Reopen
Case at 1.  Plaintiff stresses that "[t]he actions of Defendant
that precipitated Plaintiff's motion for sanctions was an affront
to this Court and not to the MDL Court in the Northern District of
California."  Id. (emphasis in original).

## Discussion

The dates above clarify that plaintiff filed the two
pending motions in January.  These motions came after the MDL
Panel filed its transfer order on December 29, 2015, which itself
followed the expiration of the seven-day window for plaintiff to
object to the transfer.  Because the MDL Panel's rules explicitly
provide a seven-day period during which parties may object to a

---

[2] The court notes that, because the case was transferred, no
"judgment" was entered in the case.  The only "closing" of the
case that took place was that necessary to move it from this
court's docket to that of the District Court in California.

transfer, it is unlikely that plaintiff may receive any relief from the transfer order without having filed a timely objection. <u>See</u> Rules of Procedure of the U.S. Judicial Panel on MDL, Rule 7.1(c)("Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the 7-day period.").

Plaintiff's filings are not clear as to what he seeks by moving to "reopen" this case.  If plaintiff intends a full-blown reconsideration of the MDL panel's transfer order, so that litigation as to his claims may continue in this district, such relief cannot be granted.  This court has no jurisdiction to grant plaintiff's request given that the case had already been transferred and re-docketed at the time plaintiff filed the motion to reopen.  "Orders of transfer," like other MDL panel orders, are "effective when . . . filed in the office of the clerk of the district court of the transferee district."  28 U.S.C. § 1407(c). After transfer of a case is effective under § 1407, actions taken by the transferor court are considered ineffective.[3]

---

[3] <u>See</u> 17-112 <u>Moore's Federal Practice</u> - Civil § 112.06 (2015)("A transfer under the multidistrict litigation statute becomes effective when the Panel's order of transfer is filed with the clerk of the transferee court.  Thereafter it is generally accepted that the jurisdiction of the transferor court ceases, and the transferee court assumes complete pretrial jurisdiction."); <u>In re FMC Corp. Patent Litig.</u>, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) ("Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the

More importantly, the transfer order emanated from the MDL panel, not this court, and a motion to reopen the case through a reconsideration of the transfer order would be properly directed to the panel.  Cf. Salemy v. Biomet, Inc., No. 3:15-CV-21 RLM, 2015 WL 1268305, at *1 (N.D. Ind. Mar. 18, 2015)("Only the Panel has the authority to reconsider its own transfer order; a transferee court has no such authority."); In re Richardson-Merrell, Inc., 588 F. Supp. 1448, 1449 (J.P.M.L. 1984)(order of panel granting motion to reconsider prior transfer order).  The MDL rules also permit litigants to move to remand their cases to the transferor court, which may provide a superior remedy at present.  See, e.g., Rules of the U.S. Judicial Panel on MDL, Rule 10.3.

Persuasive authority also disfavors awards of sanctions in the present circumstances.  It is true that courts may sometimes award sanctions when jurisdiction otherwise no longer exists, such as after a voluntary dismissal by the plaintiff under what is now Rule 41(a)(1)(A)(i).  Cooter & Gell v. Hartmarx Corp.,

---

absence of transfer."); In re Korean Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1178 (D.C. Cir. 1987)(D. Ginsburg, J., concurring) ("Rather than confine the transferee judge merely to presiding over the pretrial phase of cases that may be resolved finally in the transferor courts, section 1407(a) transfers jurisdiction over whole cases to the transferee court; upon transfer, the transferor courts retain no jurisdiction whatsoever."); Glasstech, Inc. v. AB Kyro OY, 769 F.2d 1574 (Fed. Cir. 1985)(rejecting appeal on basis that district court lost jurisdiction when case was transferred by MDL panel).

496 U.S. 384 (1990).  But the most persuasive voices counsel that,
after a transfer under 28 U.S.C. § 1404, the transferring district
court is not "authoriz[ed] . . . to impose Rule 11 sanctions for
conduct arising out of a case which it lacks jurisdiction over,
when such jurisdiction clearly is vested in another court."[4]
Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509,
1522 (10th Cir. 1991);[5] but see Laine v. Morton Thiokol, Inc., 124
F.R.D. 625, 626 (N.D. Ill. 1989)(holding that transfer does not
diminish transferor court's right to award sanctions).  Our own
court of appeals has also stated that "a transferee district court
has authority to impose Rule 11 sanctions for sanctionable filings
made in the federal transferor court."  Anderson v. Wade, 322 F.
App'x 270, 272 (4th Cir. 2008).  The transferee court's power to
sanction for filings in the initial forum ensures that litigants
have the right to seek sanctions even if it is not appropriate for
the transferor court to award them.

        Plaintiff requests sanctions based on defendants'
improper removal from state court, but the transferee court,

---

[4] Although these authorities arose in the context of 28 U.S.C. §
1404 rather than § 1407, they are persuasive in the present
situation because of the statutes' common reference to "transfer"
of cases within the federal courts.
[5] The court in Chrysler Credit added a footnote to the text
quoted, citing Cooter & Gell and acknowledging that "a district
court retains the inherent authority under Rule 11 to sanction
unethical conduct practiced before it, even if the court lacks
jurisdiction to rule on the merits of the case."  928 F.2d at 1522
n.14.

rather than this court, currently has jurisdiction to rule on

plaintiff's motion to remand, which directly evaluates the removal

from state court.  A decision on a motion for sanctions would

likely require the transferee court to take a position as to the

underlying motion to remand.  None of this suggests that plaintiff

lacks a remedy, limited though it may be as a practical matter, if

his claims of abuse are meritorious.  Plaintiff may, of course,

move for sanctions in the transferee court, if he has not done so

already.  Should the California court remand the case to this

district, plaintiff may, upon its return, file a new motion

requesting the relief that he currently seeks.  The likelihood of

return is thought by plaintiff to be miniscule.[6]  Be that as it

may, this court is nevertheless without jurisdiction to grant the

relief now sought by plaintiff.

---

[6] For the proposition that very few cases involved in the MDL
process ever return to their home districts, plaintiff cites Judge
Kozinski's dissent in In re Am. Cont'l Corp./Lincoln Sav. & Loan
Sec. Litig., 102 F.3d 1524, 1540 (9th Cir. 1996).  That case
considered whether MDL transferee courts — which ostensibly deal
only with pretrial issues - could transfer MDL cases to themselves
for trial at the conclusion of pre-trial proceedings.  Although
the Ninth Circuit ruled, along with several other circuits at the
time, that such transfers were permissible, the Supreme Court
reversed the decision.  Lexecon Inc. v. Milberg Weiss Bershad
Hynes & Lerach, 523 U.S. 26 (1998).  It is not clear whether the
figures lamented by Judge Kozinski still obtain after the Supreme
Court's ruling in Lexecon.

9

## Conclusion

The court accordingly ORDERS that plaintiff's motions to re-open the case, and for sanctions, be, and they hereby are, denied without prejudice.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER:  August 18, 2016

John T. Copenhaver, Jr.
United States District Judge

9